# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BEYKER EDUARDO ZABAKETA BALLERA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-00279-RFB-MDC<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Beyker Eduardo Zabaketa Ballera, immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1), Motion for Appointment of Counsel (ECF No. 3), and Motion/Application for Leave to Proceed in forma pauperis (ECF No. 1) challenging the lawfulness of his detention at Nevada Southern Detention Center in the custody of Respondents. The Court has reviewed the Petition and Motions and preliminarily finds Petitioner likely can demonstrate that his circumstances warrant the same relief as this Court ordered for Petitioners Mena-Vargas and Reyes-Lopez in Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025).

The Court first finds that good cause exists to grant the IFP application. The Court also finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[1]

Therefore, **IT IS HEREBY ORDERED** that the IFP application (ECF No. 3) is **GRANTED**.

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (*per curiam*)). Indeed, the Court may appoint counsel at any stage of the proceedings if the interests of justice so require. See 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases; Chaney, 801 F.2d at 1196.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 3) is **GRANTED**. The Federal Public Defender for the District of Nevada is appointed to represent Petitioner Beyker Eduardo Zabaketa Ballera and is directed to file a notice of appearance (or indicate its inability to represent Zabaketa Ballera) within **4 days** of the date of this Order (by **February 9, 2026**). If the Federal Public Defender is unable to represent Zabaketa Ballera, because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Zabaketa Ballera in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that Petitioner, with the assistance of appointed counsel, file an Amended Petition by **February 13, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of the Court will send a copy of this order to the Federal Public Defender and the CJA coordinator for this division.

Respondents are **ORDERED TO SHOW CAUSE** why the Petition should not be granted. See 28 U.S.C. § 2243. Respondents shall file, in writing, **a (i) notice of appearance on or before February 9, 2026, and (ii) "a return certifying the true cause of detention" within three days of the Amended Petition being filed**. Id. Petitioner may file a Traverse on or before **February 20, 2026**.

**IT IS FURTHER ORDERED** that the parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Petition. The Court would be amenable to ruling on the papers if the parties indicate that they are willing to waive a hearing. If Respondents have no new arguments to offer that have not already been addressed by the Court, they may so indicate by reference to their previous briefing, while reserving appellate rights. They may not, however, incorporate briefing in a manner that would circumvent the page limits under LSR 3-2 without leave. Respondents should file the referenced briefing as an attachment for Petitioner's counsel's review.

Additionally, the Court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See

Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243). Therefore, **IT IS FURTHER ORDERED** that Respondents must file with their Return any documents referenced or relied upon in their responsive pleading. If Respondents' asserted basis for detaining Petitioner is reflected in any documents in their possession, including, but not limited to, an arrest warrant, Notice to Appear, Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and/or removal proceedings, Respondents must so indicate, and file said documents with their pleading. If no such documents exist to support the asserted basis for detention, Respondents must indicate that in their return.

**IT IS FURTHER ORDERED** that Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** that the parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner[s] out of this District. See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is warranted to maintain the *status quo* pending resolution on the merits and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER KINDLY ORDERED** that the Clerk of Court:

1. **DELIVER** a copy of the Petition (ECF No. 1-1) and this Order to the U.S. Marshal for

- 3 -

service.

2.  **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party.

3.  **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this Order to:

    i.    The United States Attorney for the District of Nevada at Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, summer.johnson@usdoj.gov, and caseview.ecf@usdoj.gov, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

    ii.    Counsel for Facility Warden John Mattos (NSDC) at ahesman@strucklove.com.

4.  **MAIL** a copy of the Petition (ECF No. 1-1), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

    1)  Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530

    2)  John Mattos, Warden, Nevada Southern Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

**IT IS FURTHER ORDERED** that the U.S. Marshal **SERVE** a copy of the Petition (ECF No. 1-1) and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**DATED:** February 5, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**